**CRITERION MUSIC CORP., Leo Feist, Inc. and Mills Music, Inc., Plaintiffs,**

v.

**Lehman TUCKER, Jr., Defendant.**

**Civ. A. No. 463.**

United States District Court
S. D. Georgia,
Swainsboro Division.

Nov. 25, 1968.

I. T. Cohen, Atlanta, Ga., for plaintiffs.

W. Ward Newton, Lyons, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

Plaintiffs have filed thirty-three Requests for Admission. In twenty instances Defendant replied that he does not know the answers and can neither admit nor deny. Seven requests for admission were admitted. In three instances (Requests 31, 32 and 33) Defendant responded that he has no personal knowledge as to the knowledge of his employees that the three copyrighted musical compositions were played in his place of business February 24, 1968, but that he cannot speak unqualifiedly because he has not interviewed every part-time employee. For lack of sufficient information Defendant has neither admitted nor denied Requests 9, 19 and 26. These relate to the fact of the playing of the three compositions on the day in question. This is not much of a response to the requests but I take it that Defendant has no personal knowledge and has not questioned his musical performers. If defendant has received information from them on that subject, it is his duty to admit or deny the requests, irrespective of what I hold herein.

Defendant's "answers" to Requests 1, 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25 are based on lack of personal knowledge and inability to admit or deny. I do not think

lack of personal knowledge is a sufficient response when ascertainment is within the immediate reach of an answering party.

A good faith effort to ascertain the existence of the fact or genuineness of the document is required on a litigant's part where sources of corroboration are at hand.* However, this does not require the defendant here to make an independent investigation in order to place himself in position to admit that the plaintiff is a corporation; that it is the owner of the copyrights, that the assignments have been duly recorded and that the contents of such documents are true. It seems to me that plaintiff can readily produce at the trial certified copies of these public records. This is normal procedure in proving a case and imposes no undue burden on a party. My idea as to Rule 36 is that a plaintiff has a greater duty to provide proof than a defendant has to supply it. I do not agree with the notion that a party should admit requested admissions when he intends to raise no issue as to the truth thereof. It is hard to deal with reluctant defendants under Rule 36 and we obviously have one here.

At any rate, I deem the answers of the Defendant to be sufficient in each case. Under the circumstances it is not necessary to pass upon the objections of the Defendant.

I will add that the sanctions of 37 (c) will not be applicable in this case since Defendant has answered in sufficient detail and has not denied under oath the truth of any fact or the genuineness of any document.** There are no other sanctions as to Rule 36. See United States v. New Orleans Chapter, etc., 41 F.R.D. 33, 34 (D.C.1966).

---

* In connection with the problem see, Ted Finman, The Requests for Admissions in Federal Civil Procedure, The Yale Law Journal (January, 1962) vol. 71, pages 404–407.

---

** The defendant has failed to verify his answers to the requests and should do so promptly.