**GULF OIL CORPORATION, Plaintiff,**

v.

**BILL'S FARM CENTER, Inc., Billy Ray Danner and Gloria Ann Danner, Defendants.**

**Civ. A. No. 16489-3.**

United States District Court,
W. D. Missouri, W. D.

June 30, 1970.

As Amended Oct. 28, 1970.

Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Howard W. Bevins, Raytown, Mo., for defendants.

## MEMORANDUM AND JUDGMENT FOR PLAINTIFF

WILLIAM H. BECKER, Chief Judge.

This is a civil action in three counts, filed June 2, 1967, upon a long and complicated account primarily for fertilizer bought and sold. Jurisdiction is under the diversity statute, Section 1332, Title 28, United States Code.

In Count I plaintiff sought recovery of $37,546.92 from all three defendants for fertilizer and agricultural chemicals sold and delivered to the three defendants on an open account running from January 1, 1966, to date of filing. In Count II plaintiff alleged retention and failure to return the same goods and merchandise ordered by and delivered to defendants for which plaintiff sought recovery of $37,546.92. In Count III the plaintiff sought recovery of $37,546.-92 upon an alleged account stated. The

three counts were alternative claims for the same relief.

On filing, the action appeared to be a conventional controversy concerning the balance due on an account in which the disputed items could be isolated by pretrial proceedings and the controversy resolved by jury trial, which the defendants demanded. Because of the constantly changing factual contentions of defendants and the evasion by the defendants of their duties under the Federal Rules of Civil Procedure, this has become a complex, difficult case.

Pursuant to Local Rule 20 a Standard Pretrial Order No. 1 was entered requiring completion of discovery on or before October 19, 1967, unless the time should be extended by order of court. Thereafter counsel were required to file lists of exhibits and witnesses, a stipulation of uncontroverted facts and a Standard Pretrial Order No. 2.

On November 14, 1967, upon the stipulation of the parties and for good cause shown, the time for completion of discovery and for subsequent filings was further extended. Thereafter on January 10, 1968, on application of plaintiff, the time for completion of discovery was again extended to March 18, 1968.

Counsel for defendants presented his letter request of March 7, 1968, to file a counterclaim radically changing the factual contentions from one of an admitted lesser balance on the account submitted in its original answer to an utterly inconsistent claim of overpayment. Other dilatory, untimely motions were made by defendants shortly thereafter on March 18, 1968, before the date set for trial of a group of cases, including this one. Leave to file the counterclaim was denied as untimely and prejudicial in the light of the trial setting.

By that order, filing of other pretrial papers was also extended so that the filing of Pretrial Order No. 2 should be made on or before March 23, 1968. (This last schedule was fixed in order that the pretrial proceedings should be completed on or before Monday, March 25, 1968, the first day of the week in which the case had been set for trial on a joint accelerated jury docket with four judges sitting.)

As customary, on March 11, 1968, a checkup pretrial conference was held to be certain all pretrial filings would be made in proper form. At this time the pretrial concession of the counsel for all three defendants that a balance lesser than that claimed was owed by Billy Ray Danner was made. On March 11, 1968, the plaintiff agreed to produce certain documents immediately and the trial schedule was maintained.

From about March 11, 1968, onward, defendants' counsel accelerated his evasive and dilatory tactics obviously designed to frustrate compliance by defendants with the Federal Rules of Civil Procedure and the completion of discovery before the trial setting.

In retrospect it is now easy to see that counsel for defendants was not appearing with authority to act as required by the published orthodox pretrial instructions in force in this district for years. Cf. 43 Federal Rules Decisions at page 446. The fact was evident from the many instances during the evidentiary hearing in June 1970 when the defendant Gloria Ann Danner overruled his contentions and corrected his statements in open court.

To illustrate the manner in which this domination of counsel by Gloria Ann Danner subverted the operation of the Federal Rules of Civil Procedure, the following example may be cited.

In the answer of defendant Billy Ray Danner filed July 25, 1967, it is stated in reply to the claim of plaintiff that a balance of $37,546.92 was due on the account:

"4.   That said defendant is without knowledge as to the exact and true amount of said account with plaintiff except that the *balance*

*due thereon* is substantially less than the sum stated by plaintiff; * * * " (Emphasis added.)

Until the time for trial approached in March 1970, counsel for all defendants informally represented to the court that something over $20,000.00 was owing. See pretrial transcript of March 19, 1968, at page 34, where the following appears:

"THE COURT: You do not claim to have a record of the type that they have which would show the correct statement of the account. You have made statements that are so at variance as late as March 11th, you were saying that you had gone over this and thought a fair settlement of what the defendants owed the plaintiff was over twenty thousand dollars. And you now come up and say that you have constructed an account of some kind since then which you say shows the plaintiff to owe the defendants money.

"MR. BEVINS: Your Honor, the only information that I can give is the information that I am given by my clients. And my clients, until this was worked out with the correct price list, believed that they owed a substantial amount of money. It is as surprising to me as to anyone else that the people could be this far off in their calculations."

Prior to this time the accounts of Billy Ray Danner and Bill's Farm Center, Inc., statements given their banker and their accountants showed a liability to plaintiff in sums of nearly $30,000.00 after credit of a $30,000.00 payment before this action was filed (over $50,000.00 before credit).

In March 1968, shortly before the first trial date, four mysterious documents suddenly appeared with prices of merchandise radically less than those charged throughout the purchases and sales reflected in the account. (D.Ex.5, D.Ex.6 and D.Ex.9, the last exhibit consisting of two sales slips.)

The record up to March 25, 1968, and thereafter is replete with persistently untimely evasive answers, oral and written, incorrect statements and inadequate responses, all by defendants, making meaningful pretrial impossible.

Finally at a pretrial conference of March 25, 1968, a judgment of default on the issue of liability was entered against the defendants who were acting in concert through their common counsel and apparently under the domination of defendant Gloria Ann Danner, the dominant figure in the accounting and dealings with plaintiff.

Defendants had consistently failed and refused, during the pretrial processes in this case, to make discovery in accordance with Local Rule 20, Standard Pretrial Order No. 1 and the other orders issued by the Court. On February 8, 1968, plaintiff filed its first interrogatories to defendants. The interrogatories were not timely answered. Therefore, on March 5, 1968, this Court entered its order compelling defendants to answer the interrogatories on or before March 18, 1968. On March 11, 1968, defendants' request to file a counterclaim was denied, as noted above, "because it is untimely and because discovery has been practically completed in the case."

The case was set for trial on March 23, 1968. On March 18, 1968, defendants moved to "strike plaintiff's complaint and dismiss plaintiff's action and [alternatively] to remove from trial docket." In the suggestions attached to that motion, defendants stated that "[d]efendant, Billy Ray Danner, admits that he made purchases on an open account from plaintiff but denies the amount by plaintiff and contends that the account is falsely and fraudulently exaggerated"; "that plaintiff has failed to use proper net prices, ie. list prices less competetive (sic) price discounts, freight allowances for customer pickups, preseason discounts and volume discounts agreed upon by he (sic) and plaintiff in the calculation of the accounts"; and that plaintiff responded to defendants' motion for production "to obtain the price lists applica-

ble between he (sic) and plaintiff" by "deliberately produc[ing] only the list prices in effect for its products during the relevant period of time, and thus evaded and refused to supply the documents sought by defendants." Therefore, defendants contended, the complaint should be stricken under the provisions of Rule 37, F.R.Civ.P.

Thereafter, at the pretrial conference of March 19, 1970, defendants attempted to file their answers to interrogatories out of time. But it was determined that answers to the interrogatories, in addition to being untimely, were also evasive and improper.[1] Therefore, at the pretrial conference, the Court ordered that the request for leave to file the answers to interrogatories (orally made by counsel for defendants at the pretrial conference) was denied and that proper answers to the interrogatories be made "promptly." In connection with the motion of defendants to strike the complaint, the price lists of plaintiff were discussed and defendants were granted to take the deposition of the sales representative of plaintiff, Jack Marsh. Accordingly, because of the delay in discovery to which defendants had instrumentally contributed,[2] the cause was removed from the forthcoming trial docket, on which it had previously been set for March 23, 1968. In a pretrial conference subsequently held on March 25, 1968, the Court found plaintiff's interrogatories not to have been sufficiently answered by defendants and that defendants' discovery demands in accordance with the Marsh deposition were unwar-

ranted and unreasonable.[3] The following findings and rulings were further made in that conference, as shown by the report thereof:

"It is hereby found that without substantial justification the defendants have refused to make discovery in response to interrogatories under Rule 33 as well as the response to repeated requests by the Court at a pretrial conference about the particulars at which the defendants question the invoices and the account to be stated.

"It is further found that a motion to compel answers to plaintiff's interrogatories to defendants, which said interrogatories were filed on February 8th, and served on defendants by mail * * * and received by defendants' counsel on February 9th or 10th, was granted on March 5, 1968.

"It is further found that said order of March 5, 1968, required answers to plaintiff's interrogatories on or before March 8, 1968.

"It is further found that there were no objections to the interrogatories filed on February 8, 1968.

"It is further found that without justification the defendants failed to answer the interrogatories in accordance with the order to compel answers on or before March 18, 1968, which said order was entered on March 5, 1968.

"It is further found that a document purporting to constitute answers to said interrogatories of the plaintiff was tendered after the expiration of the time required for the answering of

---

1. The record of the evasiveness of the answers to interrogatories is contained on page 29 and the following pages in the report of the pretrial conference held herein on March 19, 1968.

2. In addition to failing to answer the interrogatories properly and timely, the continual change in contentions during the pretrial period, as the reports of the pretrial conferences held on March 19, 1968, and March 25, 1968, show, contributed to the delay in trial. It is to be noted that even after the trial continuance

was granted, defendants did not answer the interrogatories in a manner which was even arguably acceptable until March 29, 1968. The reluctance to make discovery continued throughout the year 1968, with the Court ordering defendants to answer deposition questions further on November 21, 1968.

3. At page 16 of the report of the pretrial conference held on March 25, 1968, is contained the first mention of counsel for defendants of defendants' contention of not owing anything to plaintiff.

the interrogatories, which said purported answers contained in many instances no answers, in many instances evasive answers, all without justification, and in no respect were the purported answers to the interrogatories subscribed by the defendants designated to make the answers."

Therefore, under the provisions of Rule 37(b), F.R.Civ.P., default judgment was entered against defendants on the issue of liability.[4]

Thereafter, plaintiff moved for summary judgment on November 12, 1968. Thereafter, after defendants had requested and obtained leave in January 1969 to file additional reply suggestions in opposition to the motion for summary judgment, the order of this Court entered on March 10, 1969, set a plenary evidentiary hearing on the issue of "account stated" for April 4, 1969. This order was vacated by an order entered on March 13, 1969, resetting the hearing for April 10, 1969. And the March 13, 1969, order was in turn vacated by the order of March 27, 1969, resetting the hearing for April 14, 1969, because of a letter of defendants' counsel dated March 25, 1969, advising the Court that he had a conflict in his schedule for that date. During the course of the hearing subsequently held, an order was entered expanding its scope to include all issues in the case, except the state of the accounts.

■ ■ As shown by the answers to the complaints, the purported answers of defendants to written interrogatories, the transcripts of pretrial conferences and the transcripts of the hearings, the counsel for defendants refused to make discovery of much factual information available to defendants and persistently took the position in respect to many items of account that no admission of receipt of goods or of liability therefor would be made in the absence of unilateral conclusive proof by plaintiff. This conduct of defendants violates the rules of discovery and pleading under the Federal Rules of Civil Procedure designed to narrow the issues and eliminate proof of allegations of facts not controverted in good faith. Rule 11, F.R.Civ.P. See Freeman v. Kirby (S.D. N.Y.) 27 F.R.D. 395. General denials

---

4. In the formal order submitted by counsel and filed herein on June 3, 1968, ordering the entry of default judgment on the issue of liability and appointing a master to determine certain issues of account, the following reasons for the default were formally given:

"This cause came on for hearing at pretrial conferences on March 11, March 19 and March 25, 1968, and the Court having made findings and conclusions at said pretrial conferences, which findings and conclusions are incorporated herein, and the defendants having each of them failed to make appropriate, proper and timely pre-trial discovery as ordered by the Court on March 5, 1968, and as required by the Federal Rules of Civil Procedure; and defendants and each of them, having failed to make appropriate, timely and proper discovery in answer to plaintiff's interrogatories Nos. 1.B.1, 1.B.2, 1.C., 1.D., 1.F., 4., and 5. filed on February 8, 1968, although ordered by the Court to do so on or before March 18, 1968; and defendant Billy Ray Danner having admitted in his answer that he owes money to plaintiff; and exceptional circumstances existing in that there are numerous disputed items, in the account between the parties, including application of conflicting and alleged forged customer competitive price adjustment lists; and the Court being fully advised in the premises, it is therefore

ORDERED that paragraph no. 3 of the answer of defendant Bill's Farm Center, Inc., and paragraph no. 3 of the answer of defendant Gloria Ann Danner be and they are hereby stricken because of the said failure of said defendants to make appropriate, timely and proper discovery; it is further

ORDERED that judgment on the issue of liability be and it is hereby entered in favor of plaintiff and against defendants, and each of them, on plaintiff's complaint, in accordance with Rule 37(b), of the Federal Rules of Civil Procedure, for failure of said defendants to have made discovery * * * *"

or the equivalent are no longer permitted under the Federal Rules of Civil Procedure. Rule 11, *supra*; Freeman v. Kirby, *supra*. Parties are under the obligation under the Federal Rules of Civil Procedure to discover the information available to them. See Criterion Music Corp. v. Tucker (D.Ga.) 45 F.R.D. 534.

After rendition of a default judgment on the issue of liability under Rule 37(b), an attempt was made to secure a statement of the items of the account uncontroverted and controverted in good faith by a Master appointed under the principles announced in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 at page 51 and 52.

By suffering a default judgment on the liability under Rule 37(b), the defendants lost the right to jury trial in the determination of damages. 5 Moore's Federal Practice ¶ 38.19 [3], p. 172. Nevertheless it was tentatively decided to grant a jury trial after a report of the Master as a matter of discretion in order to make a complete record. Cf. Dairy Queen, Inc. v. Wood, *supra*. The persistent refusal to make discovery made the reference to a master fruitless. As a result the appointment of the master was vacated, as was the order for a jury trial, and the case set for a plenary evidentiary hearing on the issue of damages without a jury.

In the meantime an effort was made on April 14 and 15, 1969, to determine by a plenary evidentiary hearing on the separated issue, as noted above, whether there had been an account stated. This hearing resulted in a determination that under Missouri law there had been a failure to agree on an account stated because of disagreement on some items. The willingness of Gloria Ann and Billy Ray Danner to pay $28,500, which was not quite enough for plaintiff, was treated as a rejected offer of compromise and an abortive attempt to state the account. In the decision of this case the proposed agreement of Gloria Ann and Billy Ray Danner to pay $28,500 has not been con-

sidered because it is an inadmissible offer of compromise and settlement. Failing to find an account stated, the order separating the issue of account stated was vacated and a hearing held on all issues of damages. At this hearing both parties offered all additional evidence that would have been offered in a trial on all issues. (The admissible evidence of the April 14 and 15, 1969, hearing was considered without repetition at the hearings in June 1970, all without objection by either party.)

In none of the findings concerning the default judgment on the issues of liability have any controverted or questioned statements of fact by counsel for plaintiff been considered.

Upon all the record the plaintiff has proved beyond a preponderance of the evidence the following:

1. On January 31, 1967, on which date the plaintiff received payment of $30,000.00 on account, the balance owing to plaintiff was at least $58,900.60.

2. The payment of $30,000.00 on account reduced the balance owing to plaintiff which, accordingly, at the end of the day of January 31, 1967, was at least $28,900.60.

3. While the account on plaintiff's records was charged to Billy Ray Danner, Bill's Farm Center (before and after its incorporation), Gloria Ann Danner was in fact an active partner and joint venturer in the business with Billy Ray Danner and Bill's Farm Center, Inc., a corporation. In respect to the account with plaintiff she was the most active party of the defendants. In the pretrial stipulation it was admitted that all three defendants received the goods sold by Gulf. On one occasion she signed an approval of an inventory as a "Dealer." Gloria Ann Danner was not shown as an employee of her husband on the records or

income tax returns of Billy Ray Danner or Bill's Farm Center.

4. The documents denominated Defendants' Exhibits 5, 6 and 9 containing prices relied on by defendants have been, without authority, substantially altered, forged and falsely reproduced. Defendants' Exhibits 5 and 6 contained altered figures not on the original and duplicate copies. Both sales tickets marked Exhibit 9 contained forged approval and initials of Ned ·P. Halderman, the employee of plaintiff with pricing authority. The initials "NPH" on Exhibit No. 5, however, are genuine.

## CONCLUSION OF LAW

On Count I, plaintiff is entitled to recover of and from the defendants $28,-900.60 with interest at 6% per annum from January 31, 1967, to date and its costs herein expended.

Counts II and III, the alternate counts, should be dismissed without prejudice to the recovery on Count I.

## JUDGMENT

For the foregoing reasons, it is hereby

Ordered and adjudged that on Count I the plaintiff have and recover of and from the defendants the sum of $34,-969.72 and their costs herein expended. It is further

Ordered and adjudged that Counts II and III of the complaint be, and they are hereby, dismissed.

The Clerk is requested to enter formal final judgment in the sum of $34,969.72 and costs against the defendants to be filed as of June 30, 1970.

Jurisdiction is retained to allow and tax as costs compensation and expenses of the master heretofore appointed.